**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 2, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREA VELASCO,

Defendant - Appellant.

No. 24-1298
(D.C. No. 1:21-CR-00049-WJM-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Pursuant to a plea agreement, Andrea Velasco pleaded guilty to a drug offense in federal district court and was sentenced to 78 months in prison followed by four years of supervised release. The district court also imposed a $15,000 fine. Ms. Velasco then filed this appeal. Her plea agreement contains an appeal waiver that the government now moves to enforce. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating such a motion, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.  Ms. Velasco's counsel has filed a motion to withdraw along with a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The *Anders* brief concludes that the only arguable question regarding the enforceability of the waiver is whether the $15,000 fine constitutes a miscarriage of justice under *Hahn*. We gave Ms. Velasco an opportunity to file a pro se response to the motion to enforce, and she has done so.

Ms. Velasco argues that her inability to pay the fine was not accurately assessed in the Presentence Report, nor was it addressed at sentencing.  She does not, however, argue that in light of the $15,000 fine, enforcement of the waiver would constitute a miscarriage of justice.  A waiver results in a miscarriage of justice "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327.  A waiver is "otherwise unlawful" if the alleged error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We conclude that enforcement of the appeal waiver would not result in a miscarriage of justice.  First, in assessing the fine, the district court did not rely on an impermissible factor such as race.  Second, Ms. Velasco does not contend that she received ineffective assistance of counsel in connection with negotiation of the waiver.  Third, the sentence imposed, including the imposition of the fine, was well

2

within the maximum sentence provided by the applicable statute. Finally, the imposition of the fine does not affect the fairness, integrity, or public reputation of the proceedings.

We grant the government's motion to enforce the appeal waiver, grant counsel's motion to withdraw, and dismiss the appeal.

Entered for the Court

Per Curiam